UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:21-cv-01939-MCS-KES                                        Date: June 1, 2023

Title: STEWART MANAGO v. M. MARTINEZ, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   Order REQUIRING DEFENDANT'S RESPONSE

Defendant A. Prince has moved for summary judgment on Plaintiff S. Manago's sole remaining Section 1983 claim of excessive force based on Defendant's deployment of pepper balls in November 2020 at the West Valley Detention Center. The motion interprets Plaintiff's excessive force claim as arising under the Eighth Amendment. (Dkt. 38 at 2.) That motion remains pending.

When the Court screened Plaintiff's initial Complaint in December 2021, the Court noted, "Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." (Dkt. 6 at 5.) Plaintiff filed a First Amended Complaint alleging claims under the Eighth and Fourteenth Amendment. (Dkt. 7 at 4.) In screening that First Amended Complaint, the Court noted, "Under the Eighth Amendment, a convicted prisoner has the right to be free from the use of 'excessive force' by prison officials." (Dkt. 8 at 7.) Plaintiff was given leave to amend or give notice of his "intent to proceed with his excessive-force claim against Defendant Prince alone." (Id. at 10.) Plaintiff filed such a notice on March 15, 2022. (Dkt. 13.) As a result, the excessive force claim alleged in the First Amended Complaint is the only claim currently being litigated.

It has come to the Court's attention that, in November 2020, Plaintiff may not have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:21-cv-01939-MCS-KES                                                                Date: June 1, 2023
                                                                                                                      Page 2

incarcerated due to a criminal conviction.  See Manago v. City of Barstow, No. 5:21-cv-02032-MCS-KES, Dkt. 22 at 6 (R&R discussing February 2021 conviction).

      The Court therefore directs Defendant to file a supplemental brief by June 20, 2023, addressing:

(1) Is Plaintiff's excessive force claim best interpreted as arising under the Eighth Amendment or Fourteenth Amendment?  Why?

(2) If the Fourteenth Amendment, then do the previously identified undisputed facts entitle Defendant to summary judgment under the applicable legal standard?  To prove an excessive force claim under § 1983, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 397-398 (2015).  Factors that may bear on the reasonableness of the force used include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. at 397.

                                                                                                                            Initials of Deputy Clerk JD